# UNITED STATES DISTRICT COURT

### For The District Of South Carolina

|  |  |  |
|---|---|---|
| JOHN FRANCIS MEDAGLIA, III | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.:  1:24-cv-00532-MGL-SVH |
| | ) | |
| SHAWN MIDDLETON, ("Defendant No. | ) | |
| 1") AND NEW ELLENTON POLICE | ) | |
| DEPARTMENT, ("Defendant No. 2") | ) | |
| Defendants | ) | |

### DEFENDANT NO. 2 NEW ELLENTON POLICE DEPARTMENT'S ORIGINAL ANSWER

### TO PLAINTIFF'S ORIGINAL COMPLAINT

May It Please The Court:

NOW COMES DEFENDANT NEW ELLENTON POLICE DEPARTMENT (hereafter referred to as "DEFENDANT No. 2") and file this Original Answer to Plaintiff's Original Complaint (hereafter "Plaintiff's Complaint").

### I. ADMISSIONS AND DENIAL

1.      With respect to Paragraph I, A, of the Plaintiff's Complaint, titled "**I. The Parties to This Complaint, A. The Plaintiff(s)**" the Defendant No. 2 lacks sufficient information to determine the truth of those allegations and therefore denies those allegations.

2.      With respect to Paragraph I, B, of the Plaintiff's Complaint "**I. The Parties to This Complaint, B. The Defendant(s), Defendant No. 1**" the Defendant No. 2 admits that Defendant No. 1, Shawn Middleton, is the former Chief of the New Ellenton Police Department  but denies the factual allegation of Defendant No. 1's street address listed in the Plaintiff's Complaint.  Based

on information and belief, the Defendant No. 1's telephone number listed in the Plaintiff's Complaint is admitted.

3.      With respect to Paragraph I, B, of the Plaintiff's Complaint "**I. The Parties to This Complaint, B. The Defendant(s), Defendant No. 2**" the Defendant No. 2 admits that the New Ellenton Police Department is a law enforcement agency licensed  by the state of South Carolina with jurisdiction within its municipal limits and consistent with statutory law but, Defendant No. 2 denies the factual allegation of the Plaintiff's Complaint as to the telephone number of Defendant No. 2.

4.      With respect to Paragraph II, of the Plaintiff's Complaint "**II. Basis for Jurisdiction**" the Defendant No. 2 does not contest federal question jurisdiction, or venue in this matter.  Defendant No. 2 reserves the right to file appropriate Rule 12 motions and assert immunity defenses and contest subject-matter jurisdiction.

5.      With respect to Paragraph II, A, of the Plaintiff's Complaint "**II. Basis for Jurisdiction and II, A. If the Basis for Jurisdiction Is a Federal Question**" Defendant No. 2 denies the material legal and factual allegations contained in this Paragraph.

6.      With respect to Paragraph III, of the Plaintiff's Complaint "**III. Statement of Claim**" Defendant No. 2 denies all material legal and factual allegations contained in this Paragraph and denies that any form of damages is owed to Plaintiff.

7.      With respect to Paragraph IV, of the Plaintiff's Complaint "**IV. Relief**" Defendant No. 2 denies all legal and factual allegations and characterizations contained therein and denies that Plaintiff is entitled to any relief as requested.

8.      With respect to Paragraph V, of the Plaintiff's Complaint "**Certification and Closing**" Defendant No. 2 denies all legal and factual allegations and characterizations contained therein.

## II.  GENERAL DENIAL

9.     Defendant No. 2 hereby generally denies all material factual and legal allegations contained in Plaintiff's Complaint that are not specifically admitted in the foregoing paragraphs.

## III.  AFFIRMATIVE DEFENSES

**Government and Sovereign Immunity**

10.     Defendant No. 2 hereby asserts the affirmative defense of government and sovereign immunity from any and all state, federal or common law causes of action asserted by Plaintiff, including any claims for punitive or exemplary damages.  This defense of government immunity encompasses Defendant No. 2's immunity from suit, as well as immunity from liability. Further, with regard to those causes of action over which Defendant No. 2 has immunity from suit, the Court is without subject matter jurisdiction.

**Exemplary Damages Precluded by Immunity Too**

11.     Defendant No. 2 also asserts as a defense, the prohibition against exemplary and/or punitive damages against a governmental entity under state and federal law.  This defense is an extension of the government immunity defense asserted above and as to which there exists no waiver of immunity under either state or federal law.

**Statutory Caps on Damages**

12.     Defendant No. 2 also hereby asserts as a defense any statutory caps on damages as applicable under state or federal law.  This defense is an extension of the government immunity defense asserted above and as to which there exists no waiver of immunity under either state or federal law.

**Qualified and Official Immunity of Individuals**

13.     Defendant No. 2 also asserts qualified immunity from any federally based claims, as well as official immunity from any and all state law based claims to the fullest extent allowed by law, to the extent applicable.

**Notice Requirements Under State Law**

14.     Defendant No. 2 also hereby plead as a defense Plaintiff's failure, if any, to timely satisfy any and all applicable notice or other filing requirements imposed by law as a precondition to the Court's exercise of jurisdiction over this matter, the imposition of any liability, and the award of any monetary relief.

## CONCLUSION & PRAYER FOR RELIEF

THEREFORE, based on the foregoing specific denials, general denials, as well as the affirmative defenses pleaded against Plaintiff's claims, Defendant No. 2 requests that upon final hearing of this case, that all relief sought by Plaintiff be denied, that a take nothing judgment against Plaintiff be entered.

Defendant No. 2 further requests and prays that they be awarded such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully Submitted,

AUSTIN & PETHICK LAW FIRM, PC
s/Christopher A. Austin
Christopher A. Austin   #11749
115 Hearthstone Drive
Aiken, South Carolina 29803
(803) 226-0453
chris@austinpethick.com

April 11, 2024

Aiken, South Carolina4866-4838-9298, v. 1