UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| John Francis Medaglia, III, | ) | AMENDED |
| | ) | ANSWER OF DEFENDANT |
| Plaintiff, | ) | NEW ELLENTON POLICE DEPARTMENT |
| | ) | (CITY OF NEW ELLENTON) |
| v. | ) | |
| | ) | |
| Shawn Middleton; New Ellenton | ) | |
| Police Department, | ) | Civil Action 1:24-cv-00532-MGL-SVH |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant New Ellenton Police Department[1], reserving its rights to be heard on its Motion to Dismiss, as amended, responding to the allegations of the Complaint, answers as follows:

**FOR A FIRST DEFENSE**

1. Any allegation of the Complaint not hereinafter expressly admitted, modified, or explained is hereby denied. No response of this Defendant should be construed as a response on behalf of any other defendant.

2. This Defendant admits the Court has subject matter jurisdiction over this action. This Defendant admits, upon information and belief, that Plaintiff was recording in the New Ellenton City Hall, that he was confronted by the New Ellenton Police Chief then serving, and that he was ultimately detained and charged with an offense. The charge was later dismissed upon request of this Defendant. This Defendant lacks sufficient information to form a response to allegations of injury and seized or broken personal property, and, therefore, denies same and demands strict proof. This

---

[1] The City of New Ellenton is the proper juridical entity for an action involving the New Ellenton Police Department, which is a department of the City of New Ellenton, and is not a separate legal entity capable of being sued. The City of New Ellenton should be substituted as defendant for its police department.

Defendant, upon information and belief, denies Plaintiff was physically injured. This Defendant denies that Plaintiff was kidnapped, and denies that Plaintiff has a private right of action on a criminal statute. This Defendant denies that its employee committed intentional infliction of emotional distress, and denies that this Defendant can be liable for any such tort. This Defendant denies that its employee acted with any intent to harm Plaintiff, and denies that this Defendant can be liable for such conduct. This Defendant denies that any constitutional right of Plaintiff was violated by this Defendant or any of its employees. This Defendant asserts, upon information and belief, that Plaintiff entered the Defendant's facility for the purpose of provoking an encounter with law enforcement and creating an opportunity for litigation.

3. This Defendant asserts it is a municipal government, a political subdivision of the State of South Carolina, and a governmental entity.

4. This Defendant denies that Plaintiff is entitled to any relief from this Defendant, and further denies that Plaintiff can be awarded punitive damages against this Defendant for any state law cause of action.

**FOR A SECOND DEFENSE**

5. Defendant asserts it is entitled to dismissal of the Complaint for failure to state facts sufficient to constitute a cause of action or claim for which relief can be granted to the plaintiff by this Court.

**FOR A THIRD DEFENSE**

6. To the extent the complaint alleges any tort or other cause of action under the law of the State of South Carolina, this defendant assert that it is entitled to all defenses, privileges, immunities, exceptions, limitations (on damages, liability, and otherwise), and reservations or restrictions of liability set forth in the *South Carolina Tort Claims Act, S.C. Code §15-78-10*, et seq., which, pursuant to *S.C. Code §15-78-70* and *S.C. Code §15-78-200,* is the sole and exclusive remedy for

any tort allegedly committed by an employee of a governmental entity, whether or not specifically pleaded elsewhere herein.

**FOR A FOURTH DEFENSE**

7. Defendant is entitled to dismissal as a matter of law, as the Complaint fails to allege any policy, statement, regulation, ordinance, or decision officially adopted and promulgated by the City of New Ellenton that caused or contributed to the constitutional injuries alleged in the Complaint, if any.

8. The Complaint further fails to allege a custom, whether formal or informal, adopted or promulgated by the City of New Ellenton that caused or contributed to the constitutional injuries alleged in the Complaint, if any.

9. To the extent that the Complaint fails to sufficiently plead any such policy or custom, the Complaint should be dismissed, with prejudice, as to this Defendant.

**FOR A FIFTH DEFENSE**

10. No policy or custom of the City of New Ellenton, either formal or informal, can be determined to have caused or contributed to the alleged constitutional injuries described in the Complaint.

11. The Complaint should be dismissed with prejudice as it fails to allege that any policy or custom, either formal or informal, that caused or contributed to the alleged constitutional injuries described in the Complaint.

**FOR A SIXTH DEFENSE**

12. Defendant cannot be held liable simply for employing an individual or individuals who committed a constitutional violation.

13. There can be no liability for this Defendant when the only nexus between the complained of harm and the individuals alleged to have committed the harm is an employer – employee relationship,

as *respondeat superior* and other theories of vicarious liability due not apply to an action brought pursuant to *42 U.S.C. §1983*, the only law authorizing civil action for a violation of Plaintiff's constitutional rights.

## FOR A SEVENTH DEFENSE

14. The Complaint fails to allege any independent act of wrongdoing or malfeasance on the part of this Defendant, City of New Ellenton.

## FOR AN EIGHTH DEFENSE

15. The Complaint fails to allege any persistent, widespread practice of the administration or municipal officers of the City of New Ellenton that caused or contributed to the constitutional injuries alleged in the Complaint.

16. The Complaint fails to allege any actual or constructive notice of any such conduct on the part of the administration or municipal officers of the City of New Ellenton.

17. The Complaint fails to allege any duration or frequency for the alleged unconstitutional behavior preceding the date of the incident described within the Complaint.

18. The Complaint fails to lay out a viable claim under *Monell v. Dept. of Social Services,* 98 S.Ct. 2018 (1978) and should be dismissed with prejudice.

## FOR A NINTH DEFENSE

19. To the extent the complaint alleges violations of known constitutional rights by any individual in the administration of the City of New Ellenton.

20. The Defendant further asserts that it is not liable for the constitutional violations of any individual employee.

## FOR A TENTH DEFENSE

21. Defendants are entitled to dismissal as a matter of law, pursuant to *Ashcroft v. Iqbal,* 556 U.S.

662, 129 S. Ct. 1937, 1948, 173 L.Ed.2d. 868 (2009), as the Complaint fails to allege any particular actions of the named Defendant, that violated any known Constitutional rights of the Plaintiff.

## FOR AN ELEVENTH DEFENSE

22. *S. C. Code §16-3-910*, a criminal statute on kidnapping, affords no private right of action to Plaintiff.

## FOR A TWELFTH DEFENSE

23. Pursuant to *S. C. Code §15-78-60(17) and S. C. Code §15-78-30*, Defendant cannot be liable for intentional infliction of emotional distress or any conduct outside the scope of official duties or which constitutes "actual fraud, actual malice, intent to harm, or a crime involving moral turpitude."

## FOR A THIRTEENTH DEFENSE

24. Defendant has employed and maintained appropriate policies and procedures regarding investigations and arrests.

25. Defendant has properly trained its officers regarding those policies and procedures, as well as the law of the United States of America and the State of South Carolina.

26. Defendant has not been deliberately indifferent to the constitutional rights of the plaintiff in this action.

27. Defendant has not permitted or allowed any widespread violations of policy. Defendant denies any custom or policy, formal or informal, that disregards the constitutional rights of the public.

## FOR A FOURTEENTH DEFENSE

28. Pursuant to *S. C. Code §15-78-60(4), (5), (6), (20), and (23),* Defendant cannot be liable in a state law cause of action for loss resulting from enforcement or compliance with laws, exercise of discretion or judgment, the method of providing police services, the acts of persons not within its

employ, or the institution or prosecution of judicial proceedings.

## FOR A FIFTEENTH DEFENSE

29. Defendants are not, by law, subject to joint and several liability.

## FOR A SIXTEENTH DEFENSE

30. Plaintiffs fail to allege a particular, cognizable constitutional violation. For this reason, the Complaint should be dismissed, with prejudice.

## FOR A SEVENTEENTH DEFENSE

31. The New Ellenton Police Department is a department of the City of New Ellenton, a political subdivision of the State of South Carolina, and is not a separate entity capable of being sued. Rather, the City of New Ellenton is the proper juridical entity for an action involving the New Ellenton Police Department. In the event this action is not dismissed, the City of New Ellenton should be substituted as a defendant in the stead of New Ellenton Police Department.

## FOR AN EIGHTEENTH DEFENSE

32. Defendant denies violating any clearly established constitutional rights of Plaintiffs which were known or should have been known to it, and asserts it is entitled to qualified immunity for any claimed violation of any constitutional right of Plaintiff, and an Order dismissing this action with prejudice.

## FOR A NINETEENTH DEFENSE

33. Defendant pleads S. C. Code §15-78-120 as a bar to punitive damages or any relief beyond actual damages as limited by the South Carolina Tort Claims Act in any state law cause of action.

WHEREFORE, having fully responded to the Complaint, this defendant prays the Court issue its Order dismissing the Complaint with prejudice as against this Defendant.

                                                  Respectfully submitted,

May 10, 2024                        NESS & JETT, LLC

Bamberg, SC            By:    *s/Norma A. T. Jett*
                                          Norma A. T. Jett, Fed. ID #5101
                                          Post Office Box 909
                                          Bamberg, SC 29003
                                          (803) 245-5178
                                          normajett@gmail.com
                                          ATTORNEYS FOR DEFENDANT
                                          NEW ELLENTON POLICE DEPARTMENT
                                          (City of New Ellenton)