UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| John Francis Medaglia, III, | ) | |
| | ) | |
| Plaintiff, | ) | RESPONSE BY DEFENDANT |
| | ) | CITY OF NEW ELLENTON |
| v. | ) | IN OPPOSITION TO PLAINTIFF'S |
| | ) | "MOTION TO RESERVE LAWSUIT" |
| Shawn Middleton; | ) | |
| City of New Ellenton, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | Civil Action 1:24-cv-00532-MGL-SVH |

Defendant City of New Ellenton hereby responds in opposition to Plaintiff's "Motion to Reserve Lawsuit" (ECF 53), as follows.

Plaintiff's motion seeks the Court's permission to serve the Summons and Complaint in this action, which he never properly served. In the motion, Plaintiff acknowledges that, contrary to the requirements of *FRCP 4*, Plaintiff, himself, delivered the pleadings to Defendant Middleton. Regardless of Plaintiff's method of delivery to the City of New Ellenton, there is no need to serve the City and start again, as it has appeared and defended in the action. Plaintiff and this Defendant have now each filed summary judgment motions, and the case should proceed to a decision on those motions.

As for service on Defendant Middleton, who was not properly served, has not appeared, and is not represented by the undersigned, this Defendant merely asks that Plaintiff's noncompliance as to service of a separate defendant not be allowed to prejudice the interests of Defendant City of New Ellenton. The Federal Rules of Civil Procedure apply to Plaintiff just as they apply to any litigant. This Court's guide for *pro*

1

*se* parties, entitled, "Information on Representing Yourself in a Civil Action (Non-Prisoner)," revised December 1, 2023, is available on the Court's website, states, on page 5, "It is your responsibility to comply with the Federal Rules of Civil Procedure (FRCP), ...". The guide clearly explains "Service" on pages 11 through 12. "Service may be made by anyone who is at least 18 years old and not a party in the case. There are many private "process servers" who will serve legal papers for a fee." (page 12) The guide's instruction comports with Rule 4 of the Federal Rules of Civil Procedure.

In its Order authorizing service (ECF 5), issued February 2, 2024, the Court directed Plaintiff to serve copies of the Summons and Complaint on each defendant by May 2, 2024, and stated service of process should be made "under Rule 4 of the Federal Rules of Civil Procedure." It was Plaintiff's responsibility to read the Order and the rule and comply with them. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Plaintiff did not comply. By its Order issued June 18, 2024 (ECF 32), the Court informed Plaintiff he had not established proper service on Middleton, and gave Plaintiff another month to serve Middleton by July 18, 2024. The Court correctly noted the City had appeared, and there was no further need to serve the City. Plaintiff did not comply with that Order, either, but proceeded to file a Motion for Summary Judgment (ECF 39) on June 28, 2024, which would indicate Plaintiff believes his case is complete.

This Defendant has now responded (ECF 55) to Plaintiff's Motion for Summary Judgment and filed its own Motion for Summary Judgment (ECF 54), and it should not be forced by Plaintiff's noncompliance with the Court's orders and the Rules of Civil Procedure, with resulting delay, to start anew a case that is ready for adjudication on the motions. Whatever the Court decides on Plaintiff's instant motion, this Defendant

requests the Court proceed on its Motion for Summary Judgment, and not delay the case as it concerns this Defendant.

                        Respectfully submitted,

July 31, 2024                NESS & JETT, LLC

Bamberg, SC        By:    *s/Norma A. T. Jett*
                                   Norma A. T. Jett, Fed. Ct. I.D. 5101
                                   Post Office Box 909
                                   Bamberg, SC 29003
                                   (803)245-5178
                                   normajett@gmail.com
                                   ATTORNEY FOR DEFENDANT
                                   CITY OF NEW ELLENTON