# For The District Court of South Carolina

**John Medaglia III**
*Plaintiff*

**CASE NO. 1:24-CV-00532-MGL-SVH**

**V.**

**Shawn Middleton**
**City of New Ellenton**

*Defendant(s)*

## Response To Motion For Summary Judgment

### I. Introduction

I, the Plaintiff, respectfully move this Honorable Court for a summary judgment hearing pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff seeks summary judgment on the grounds that there are no genuine issues of material fact and that Plaintiff is entitled to judgment as a matter of law, as well as the following reasons.

### II. Statement of Undisputed Facts

1. On 9/22/23, I walked into the New Ellenton City Hall
2. On 9/22/23, I was recording my interactions and travels into the City Hall
3. On 9/22/23, I was approached by the Defendant while recording in the city hall
4. On 9/22/23, The Defendant was acting under the color of law as the Chief of the New Ellenton Police Department

5. On 9/22/23, The Defendant asked me what I was filming for, and I responded that I was there to get some history about the town to use for a story

6. On 9/22/23, The Defendant asked me to leave the building and directly after me saying I wasn't gonna leave, the Defendant arrested me

7. After arresting me, the Defendant said I was under arrest for "Trespassing on Public Property"

8. The Defendant took me outside and searched me and took my phone and wallet out of my pockets

9. The Defendant then let me out of cuffs and said I was free to go

10. When the Defendant went back inside the town hall, he stated that" he was gonna lock the building" and "not let this guy back in here," restricting my way into a public building during normal business hours when no crime was committed

11. The Defendant then pushed me into the door to try to push me back out of the building

12. Before putting me in cuffs the second time, the Defendant said,"you want a lawsuit, get a lawsuit"

13. The Defendant then took me into a side office while cuffed and I walked out fearing my safety in an unsupervised office with the Defendant

14. While holding me against my will, The Defendant told me that I was being detained inside the building for "Trespassing"
15. I asked the Defendant multiple times why he asked me to leave and why I was being trespassed and the Defendant did not give an answer
16. The Defendant then give me back my phone once I asked for it, while still in handcuffs
17. The Defendant then calls a judge on his cell phone to alert them of the situation, and said that " I got a gentleman here in the office who wants to record, I told him several times to get out of my building, and he's claiming that he has a right to come in here and record"
18. Then the Judge whom the Defendant was on the phone with told him to un-detain me and the Defendant did exactly that
19. The Defendant then said " you cannot curse in this building"
20. The Defendant then said, " I'm gonna detain him, and he's arrested" after I was engaged in a first amendment protected activity of freedom of speech
21. The Defendant told me "this is a building, you cannot curse, it's disorderly conduct"
22. The defendant then exclaimed to me that I was under arrest for "Disorderly Conduct" and repeatedly told me "you cannot cuss"
23. I was taken to the County Jail by the Defendant and subsequently charged with disorderly conduct

## III. Legal Standard

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The burden of proof rests with the movant to establish the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). As all of the alleged actions by the Defendant are on not only his body-cam as well as security footage, but on a third party recording operated by the Plaintiff, none of the above facts can be disputed.

## IV. Argument

### A. First Amendment Violation

1. **Government Action**: I (Plaintiff) allege that the Defendant deprived my first amendment rights of not only speech but the freedom of press as well under color of law as The Chief of Police.
   - **Evidence**: The Defendant was following the policy posted on the outside of the door as well as the front desk of reception that prohibited recording and use of phones inside the building, not only arresting me for using my

      phone and recording in the lobby but for swearing in the building as well which is unconstitutional on its face

2. **Protected Activity**: I (Plaintiff) was engaged in the First Amendment protected activity of recording(Freedom of Press) as well as my speech to address my grievances to the Police on 9/22/23.
   - **Evidence**: All the evidence needed will be included on the flash drive attached which will include the officers body worn camera footage at the time of the incident as well as my recording of the incident that took place on 9/22/23

3. **Causation**: Defendant's actions were a substantial or motivating factor in the violation of Plaintiff's First Amendment rights.
   - **Evidence**: As described above, the Defendant approached me and told me that it was illegal to record in the public sectors of the town hall and arrested me first for the use of my cell phone but later explained that it was for trespassing. Once I was released by the defendant, I was arrested again a second time for the same reason, being that I was still recording peacefully. The last time I was arrested was because I swore in public, and all of these actions should be looked at as what they are, a violation of my most basic constitutional rights

### B. Legal Standard for Summary Judgment

Plaintiff meets the legal standard for summary judgment as there are no genuine issues of material fact in dispute and Plaintiff is entitled to judgment as a matter of law.

### V. Conclusion

Given the fact that both parties have both written a motion for summary judgment, the plaintiff feels it is only right for the judge presiding sets a summary judgment hearing to decide the outcome of this case as all evidence and arguments have been sent and made that is necessary. For these reasons, plaintiff respectfully requests that this Honorable Court grant summary judgment in favor of Plaintiff on all claims asserted against Defendant. Plaintiff further requests such other relief as the Court deems just and proper.

Sincerely,

John Medaglia

4029 Sorensten Drive

Aiken, SC 29803

firstamendmentprotectionagency@gmail.com

774-321-5596