

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| JOHN FRANCIS MEDAGLIA, III, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:24-cv-532-MGL |
| | § | |
| SHAWN MIDDLETON and CITY OF NEW | § | |
| ELLENTON, | § | |
| Defendants. | § | |

## ORDER ADOPTING THE REPORTS AND RECOMMENDATIONS
## AS DETAILED BELOW

Plaintiff John Francis Medaglia, III (Medaglia), who is representing himself, filed this civil action against Defendants Shawn Middleton (Middleton) and New Ellenton Police Department (NEPD), alleging violations of his First and Fourth Amendment rights, violation of S.C. Code Ann. § 16-3-910, and intentional infliction of emotional distress. Like the Magistrate Judge, the Court will construe Medaglia's claim under S.C. Code Ann. § 16-3-910 as a claim for false arrest.

This matter is before the Court for review of the two Reports and Recommendations (collectively, the Reports) of the United States Magistrate Judge. The Reports were made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

In the first Report (Report I), the Magistrate Judge recommends the Court grant NEPD's motion to dismiss as to Medaglia's claims for violation of his Fourth Amendment rights and intentional infliction of emotional distress and deny the motion as to Medaglia's claims for violation of his First Amendment rights and false arrest. Additionally, the Magistrate Judge

granted Medaglia's motion to amend the caption, substituted Defendant City of New Ellenton (the City) for NEPD, and dismissed NEPD from the case.

In the second Report (Report II), the Magistrate Judge recommends the Court grant the City's motion for summary judgment, deny Medaglia's motions for summary judgment, deny Medaglia's motion for leave to reserve the lawsuit, and dismiss without prejudice Medaglia's claims against Middleton.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed Report I on June 20, 2024, and Report II on September 17, 2024. To date, no objections have been filed.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Reports and incorporates them herein. Therefore, it is the judgment of the Court NEPD's motion to dismiss is **GRANTED** as to Medaglia's Fourth Amendment and intentional infliction of emotional distress claims against the City and **DENIED**

as to Medaglia's First Amendment and false arrest claims against the City.  Regarding these latter claims, the City's motion for summary judgment is **GRANTED**, and Medaglia's motions for summary judgment are **DENIED**.

As to Medaglia's claims against Middleton, his motion for leave to reserve the lawsuit is **DENIED**, and such claims are **DISMISSED WITHOUT PREJUDICE**.

Finally, because the Court has granted the City's motion for summary judgment, the City's motion to dismiss is necessarily **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 23rd day of October 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE


*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.